# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID SADDY,

                Plaintiff,

v.

AGNESIAN HEALTH CARE,
DR. THOMAS W. GROSSMAN,
DR. ENRIQUE LUY,
MARGARET M. ANDERSON, and
WAUPUN MEMORIAL HOSPITAL,

                Defendants.

Case No. 13-CV-519-JPS

ORDER

On May 8, 2013, David Saddy filed a complaint alleging an Eighth Amendment deliberate indifference to a serious medical need claim. (*See* Docket #1, #8). He has sued Agnesian Healthcare, Dr. Thomas Grossman, Margaret Anderson, and Waupun Memorial Hospital, who have been referred to in this case as the "Agnesian defendants." He also sued a state employee, Dr. Enrique Luy.

Dr. Luy and the Agnesian defendants separately moved for summary judgment on the basis of exhaustion. (Docket #18, #36). The Court considered those motions and took them under advisement pending an evidentiary hearing to be conducted by Magistrate Judge Aaron Goodstein, pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). (Docket #42).

Magistrate Goodstein recruited counsel to represent Mr. Saddy (Docket #66), and on May 28, 2014, after a period for discovery on the exhaustion issue, held the evidentiary hearing (Docket #92). The parties filed several post-hearing briefs (Docket #94, #95, #97, #98, #99).

On August 11, 2014, Magistrate Goodstein issued a report and recommendations. (Docket #100). In essence, he recommends that Mr. Saddy be allowed to proceed on his Eighth Amendment claim as against all of the defendants. (*See* Docket #100 at 9–12). Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), written objections to Magistrate Goodstein's report and recommendation were due within fourteen days of its issuance. Dr. Luy did not file an objection. The Agnesian defendants filed their objections on August 21, 2014 (Docket #101), making a response due fourteen days thereafter, pursuant to Fed. R. Civ. P. 72(b)(2); the Court did not receive a response thereto, and so finds that those objections are fully briefed. Mr. Saddy filed objections on August 25, 2014 (Docket #102), and the Agnesian defendants responded, meaning that Mr. Saddy's objections are, likewise, fully briefed.

In the end, the Court fully agrees with Magistrate Goodstein's report and recommendations. Accordingly, it will adopt the report and recommendations and, therefore, deny both outstanding motions for summary judgment. More specifically, Magistrate Goodstein reached the following conclusions, the import of which the Court describes more fully below:

(1) Wisconsin's administrative remedies procedures apply to the Agnesian defendants, meaning that Mr. Saddy's failure to exhaust those remedies as against the Agnesian defendants *could* be fatal to his case (Docket #100 at 9–10);

(2) Mr. Saddy was led to believe that he did not need to exhaust his remedies as against the Agnesian defendants and,

>
> therefore, his technical failure to exhaust is not fatal, as it was not, as a matter of fact, available to him (Docket #100 at 10);[1]
>
> (3) Mr. Saddy's inmate complaint alleged ongoing pain, meaning that his inmate complaint against Dr. Luy was not untimely (Docket #100 at 10–11); and
>
> (4) even if Mr. Saddy's inmate complaint against Dr. Luy *was* untimely filed, Mr. Saddy was prevented from timely doing so by the chain of command, thus excusing any late filing (Docket #100 at 11).

Mr. Saddy has objected to the first of those findings and the Agnesian defendants have objected to the second. The Court finds that the first of those findings is well-founded: there is ample reason to believe that the Agnesian defendants, as state contractors, are subject to the same exhaustion requirements as the state. *See, e.g., Rodriguez v. Stevie*, No. 2:11-CV-515, 2013 WL 1194720 (W.D. Mich. Mar. 22, 2013) (finding that "claims against private employees providing services in a state-run prison are…subject to exhaustion," on the basis of the fact that the Sixth Circuit has held that prisoners in privately-run facilities are subject to the exhaustion requirements, *Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004)); *Bruce v. Correctional Medical Servs., Inc.*, No. 3:06-CV-33, 2012 WL 4372378 (E.D. Tenn. Sept. 24, 2012) (finding that movant had not established applicability of the state's administrative remedy procedure, and therefore was not entitled to summary judgment on the issue of exhaustion); *Peoples*

---

[1] This is important to note, because the availability of remedies is a question of fact; it "is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).

*v. Corizon Health, Inc.*, No. 2:11-CV-01189-NKL, 2012 WL 1854730 (W.D. Mo. May 21, 2012) (holding that there was a material issue of fact as to whether the state's administrative remedies applied to a private contractor, because evidentiary submissions did not establish that grievance procedure would affect the contractor); *Hallock v. Illinois Dep't of Corr.*, No. 10-CV-0060-DRH, 2010 WL 2574163 (S.D. Ill. June 23, 2010) (finding that, where a complaint sought relief against a "private contractor providing medical services to prisoners," the exhaustion requirement applied because the suit involved prison conditions); *Giampaolo v. Bartley*, No. 07-526-DRH, 2010 WL 2574203 (S.D. Ill. June 23, 2010) (finding that the exhaustion requirement applied to private contractor working for prison); *see Stevens v. Goord*, 2003 WL 21396665, *5 (S.D. N.Y., June 16, 2003) (holding that private contractor had burden to establish that prison grievance procedure would have actual authority over the private contractor, thus leaving open a dispute on a material fact), adhered to on reargument, 2003 WL 22052978 (S.D.N.Y., Sept. 3, 2003). Moreover, because the Court ultimately sides with Magistrate Goodstein's second finding, that first finding is of little importance.

As to the second finding, Magistrate Goodstein was correct that the circumstances effectively prevented Mr. Saddy from knowing that he needed to exhaust his remedies as against the Agnesian defendants. While the Wisconsin administrative procedures apply to the Agnesian defendants as contractors, Mr. Saddy had no reason to know of that application. The Agnesian defendants urge the Court to find the opposite because Mr. Saddy knew of a contract between the Agnesian defendants and the state and further that the Agnesian defendants had been closely aligned with the state in providing medical care. (Docket #101 at 3–8). But mere knowledge of those

general facts does not establish that Mr. Saddy knew (or even should have known) that he was required to exhaust his remedies as against the Agnesian defendants. Wis. Adm. Code § DOC 310.05 provides that inmates must exhaust their remedies against "agents" of the state, and there is nothing to indicate that Mr. Saddy knew of an agency relationship between the Agnesian defendants and the state. Therefore, particularly in light of the fact that it is the defendants' burden to establish nonexhaustion, *Santiago v. Anderson*, 496 F. App'x 630, 636-37 (7th Cir. 2012), *reh'g denied* (Sept. 24, 2012), *cert. denied*, 133 S. Ct. 769 (2012) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)), the Court must adopt Magistrate Goodstein's report and recommendations.

Dr. Luy has not filed an objection as to Magistrate Goodstein's third and fourth findings—the two that require the Court to deny Dr. Luy's motion for summary judgment—but, even if he had, the Court would still adopt Magistrate Goodstein's report and recommendation on them. The existence of ongoing pain makes the complaint timely filed and, if not, the time spent completing the chain of command effectively excuses any late filing.

Because it is adopting Magistrate Goodstein's report and recommendations in full, the Court is likewise obliged to deny both outstanding motions for summary judgment. The Court will issue an updated trial scheduling order shortly that provides the parties with further guidance for the continuation of this case.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Goodstein's report and recommendation (Docket #100) be and the same is hereby ADOPTED; and

IT IS FURTHER ORDERED that the defendants' motions for summary judgment (Docket #18, #36) be and the same are hereby DENIED.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge