UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID SADDY,<br><br>                           Plaintiff,<br><br>v.<br><br>AGNESIAN HEALTH CARE,<br>DR. THOMAS W. GROSSMAN,<br>DR. ENRIQUE LUY,<br>MARGARET M. ANDERSON, and<br>WAUPUN MEMORIAL HOSPITAL,<br><br>                          Defendants. | Case No. 13-CV-519-JPS<br><br><br><br>ORDER |

       On December 21, 2015, the plaintiff David Saddy's recruited counsel moved to withdraw as counsel for Mr. Saddy. (Docket #135). The Court referred that motion to Magistrate Judge David Jones for a determination of whether counsel's motion should be granted and, further, whether the Court should endeavor to recruit new counsel for Mr. Saddy. (Docket #136). Magistrate Judge Jones has recommended that the Court grant counsel's motion to withdraw (Docket #141) and further that the Court recruit new counsel for Mr. Saddy (Docket #146). Finding those recommendations to be well-founded, the Court will adopt both of them. In effect, the Court will allow Mr. Saddy's current counsel to withdraw and will attempt to recruit new counsel for Mr. Saddy.

       However, the Court must note its reluctance to recruit new counsel. This district has a very limited number of attorneys willing to take civil cases on a *pro bono* basis. Several larger law firms—including the firm representing Mr. Saddy—have volunteered to take a small number of *pro bono* cases. But, other than those larger firms, it has been very difficult to find lawyers to take

these cases. Understandably, that is because *pro bono* cases require significant amounts of time and resources, which many practitioners working alone or in small firms simply do not have.

Meanwhile, this district, unlike others in the Seventh Circuit, does not have a compulsory recruitment program, by which it can require members of the trial bar to take *pro bono* cases. *See Henderson v. Ghosh*, 755 F.3d 559, 563 n.1 (7th Cir. 2014) (describing the Northern District of Illinois' recruitment program). The merits of such a program may be debated—it would certainly make the work of the Court easier, but the opposite can probably be said for attorneys who might be required to take cases despite not wanting to.

In any event, because such a program is not in place here, two things result each time that the Court recruits counsel. First, this district's already-busy *pro se* staff attorneys have to find an attorney to take the case, which always requires a substantial amount of time and effort on their part. Second, when an attorney from a large firm takes the case (as is most often the case), it often means that the attorney's firm will take one less case later in the year. Accordingly, recruitment of an attorney for one litigant could very well mean that another litigant must wait longer for their turn.

Now, to Mr. Saddy's case at hand. The Court first recruited counsel to assist him with his *Pavey* hearing. (Docket #75). That representation arrangement seems to have gone well, but unfortunately recruited counsel did not have the ability to assist Mr. Saddy for the duration of his case. (*See* Docket #105). So, the Court ordered recruitment of a new set of attorneys for Mr. Saddy. (Docket #110, #111). This district's *pro se* staff attorneys recruited Mr. Saddy's current counsel, and Mr. Saddy agreed to their representation of him on February 24, 2015. (Docket #111). Approximately ten months later,

Mr. Saddy's counsel moved to withdraw from their representation of him, apparently due to Mr. Saddy's frustration with their efforts. (*See* Docket #135, #138, #141, #146). As already noted, the Court referred that motion to Magistrate Judge Jones, so as to ensure that this Court would not be negatively impacted by any discussions amongst the parties about the reasons for counsel's withdrawal. (Docket #136). Ultimately, Magistrate Judge Jones found that recruitment of new counsel for Mr. Saddy is appropriate, and the Court accepts his report and recommendation.

Nonetheless, as the Court has already said, it has reservations about recruiting a third set of attorneys for Mr. Saddy, when most *pro se* litigants do not even receive a single attorney. The Court recognizes that it is bound by the standard described in *Pruitt v. Mote*, and so must recruit counsel for Mr. Saddy, given the complexity of this case. *See* 503 F.3d 647, 654 (7th Cir. 2007) (en banc) (requiring recruitment when plaintiff has made reasonable attempts to obtain counsel and the difficulty of the case exceeds the abilities of the plaintiff). The Court also accepts that Mr. Saddy is acting in good faith. But, as the Seventh Circuit has recognized, litigants have "no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). So, the Court struggles with the decision to recruit new counsel for Mr. Saddy—potentially delaying it for another litigant—simply because Mr. Saddy was not happy with the way that counsel communicated with him.

For these reasons, the Court must give Mr. Saddy a warning: while it is recruiting new counsel for him at this juncture, it will be extremely unlikely to do so again in the future. Specifically, if Mr. Saddy is dissatisfied with future counsel recruited to represent him, the Court will order an

evidentiary hearing and will not recruit further counsel unless Mr. Saddy's dissatisfaction is truly well-grounded. In other words, Mr. Saddy needs to make every effort to work well with the counsel that the Court is about to recruit for him; it may be his last opportunity.

With all of this said, the Court will adopt Magistrate Judge Jones' report and recommendation (Docket #141) and will, accordingly, grant Mr. Saddy's current counsel's motion to withdraw (Docket #135) and will also direct this district's *pro se* staff attorneys to recruit new counsel for Mr. Saddy within 21 days of the entry of this order. The Court sincerely thanks Mr. Saddy's current attorneys for their efforts on Mr. Saddy's behalf.

Finally, because it will take some time to recruit new counsel and for new counsel to get up to speed, the Court will grant Mr. Saddy's unopposed motion to stay the proceedings in this case. (Docket #137). The Court will vacate the dates laid out in its previous trial scheduling order. (Docket #133). After new counsel for Mr. Saddy has made an appearance in this case, the parties shall submit a joint report to the Court proposing a new schedule for bringing this case to a conclusion. After the Court has received that joint report, it will issue a new trial scheduling order.

Accordingly,

IT IS ORDERED that Magistrate Judge David Jones' report and recommendation (Docket #141) be and the same is hereby ADOPTED and counsel's motion to withdraw (Docket #135) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that this district's *pro se* staff attorneys shall secure counsel to represent Mr. Saddy within twenty-one (21) days of the entry of this order. After the Court has secured counsel to represent Mr.

Saddy, the Court will require him to sign certain documentation agreeing to be represented by that counsel; and

IT IS FURTHER ORDERED that Mr. Saddy's unopposed motion to stay proceedings in this case (Docket #137) be and the same is hereby GRANTED; the dates provided in the Court's previous trial scheduling order (Docket #133) be and the same are hereby VACATED. Within twenty-one (21) days of the appearance of Mr. Saddy's new counsel, the parties shall file a joint report proposing a new schedule for bringing this case to a conclusion.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge